UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-00464 SSS (ADS)                     Date:  February 27, 2026

Title:  *Jatinderbir Singh v. Warden of the Desert View Facility, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Petitioner(s):          Attorney(s) Present for Respondent(s):
None Present                                                    None Present

**Proceedings:**        **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: MOOTNESS**

On February 2, 2026, Petitioner Jatinderbir Singh, an immigration detainee proceeding through counsel, filed a Verified Petition for Writ of Habeas Corpus (the "Petition") and a Motion for Temporary Restraining Order (the "Motion").  (Dkt. Nos. 1, 3.)  The Petition primarily seeks an order requiring Petitioner's immediate release or, at minimum, providing Petitioner with a constitutionally adequate bond hearing.  (Dkt. No. 1 at 2.)  On February 18, 2026, the Court granted the Motion and ordered Respondents to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days.  (Dkt. No. 10.)  The Parties state Petitioner was provided with a bond hearing on February 25, 2026 and was granted a $30,000 bond with alternatives to detention (ATD).  (Dkt. No. 11.)

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries."  United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987); see also NASD Disp. Resol., Inc. v. Jud. Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal to be moot when the plaintiffs had already been granted the relief they sought).  Courts have an obligation to consider mootness sua sponte and should deny requested relief where it is superfluous.  In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005).  The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."  Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-00464 SSS (ADS)                    Date:  February 27, 2026

Title:  *Jatinderbir Singh v. Warden of the Desert View Facility, et al.*

Here, Petitioner has been provided with an individualized bond hearing and granted bond.  The Court orders Petitioner to show cause in writing why the Petition should not be dismissed as moot by no later than March 30, 2026.  Petitioner must substantively specify what claims, if any, remain pending, the relief sought, and the factual and legal basis for each claim.  Respondents must substantively respond to the claims Petitioner contends remain by no later than April 13, 2026.  Petitioner may file a reply by no later than April 17, 2026.

**IT IS SO ORDERED.**

Initials of Clerk kh